UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE CRUZ RANGEL,

    PLAINTIFF,

V.                                      CASE NO.: 2:19-cv-388

HARPLYN, INC,

    DEFENDANT.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. This is an action on behalf of the Plaintiff, JOSE CRUZ RANGEL (hereinafter "Mr. Rangel" or "Plaintiff") to secure protection of and redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII") providing for injunctive, compensatory, punitive and other relief against national origin discrimination and Retaliation.

2. On August 7, 2018, Mr. Rangel filed a formal Charge of Discrimination alleging discrimination on the basis of his Race and National Origin (Hispanic) and Retaliation against Harplyn, Inc. with the Equal Employment Opportunity Commission (EEOC). (A true and accurate copy of her EEOC Charge of Discrimination is market as Exhibit "A")

3. Mr. Rangel received his Notice of Right to Sue for his Charge of Discrimination from EEOC on March 12, 2019 and the instant complaint is filed within the requisite time frame required under the law. (A true and accurate copy of his Notice is attached as Exhibit "B")

**PARTIES**

4. At all material time herein through his filling of a formal charge with the EEOC, the Plaintiff, Jose Cruz Rangel, resided in DeSoto County, Florida.

5. Harplyn, Inc. (hereinafter "Harplyn" or "Defendant") is a Florida for profit corporation and serves numerous locations throughout the State of Florida including conducting business in DeSoto County, Florida.

## JURIDICTION AND VENUE

6. The unlawful employment actions complained of herein took place in DeSoto County, Florida and venue is proper in the Middle District of Florida pursuant to 28 U.S. C. § 1391 (b).

7. At all relevant times, Harplyn was an Employer within the meaning of Title VII in that it employed 15 or more individuals in twenty (20) or more weeks in the current or preceding year and was in an "industry affecting commerce" as that term is defined and interpreted under Title VII.

8. Mr. Rangel is a Mexican-American who was hired as an Irrigation Laborer to work on a full-time basis for Harplyn.

9. Mr. Rangel and his crew were assigned to different locations under the direct supervision of Mr. Carl Wayne Pickle ("Mr. Pickle").

10. Mr. Rangel and other Hispanic, spanish speaking employees were consistently the subject to off-hand derogatory and references regarding their race and national origin from Mr. Pickle. This included references such as "What?  There's no work in Mexico, why you all come here?"

11. On or about March 18, 2018, Mr. Rangel's crew was sent home and no reason was given to the employees. Crew Leader "Rufino" asked where in the truck he should place the employees (including Mr. Rangel) and Mr. Pickle instructed "put them in the back so that you guys can really look like a bunch of immigrants".

12. On or about March 19, 2018, when Mr. Rangel and the Irrigation Labor Crew were in the office getting ice, Mr. Pickle stated, "Why are you guys speaking Spanish, what don't you know English or what? Well you can't speak Spanish in my shop".

13. On March 20, 2018, Mr. Rangel sent Mrs. Rangel to Harplyn's office to pick up his paycheck and she mentioned the "racial" incidents to the office administrator. The office administrator referred her to speak to Jesús. Jesús is another supervisor with the Harplyn. Mrs. Rangel informed Jesús about Mr. Pickle's actions towards Mr. Rangel and other Hispanic employees. Jesús said that he would speak with Mr. Pickle regarding his behavior to the crew and to find out if there were any problems.

14. On or about March 30, 2018, Mr. Rangel was informed that all the labor crews were off except his crew. When Mr. Rangel asked Mr. Pickle why his crew was not off, Mr. Pickle stated, "because they were not the right color".

15. On April 4, 2018, Mr. Rangel went to the office and spoke with Jesús regarding the continuous discriminatory comments towards Hispanics directed to the entire crew. Mr. Rangel was bringing the concerns of not just himself, but other hispanic and Spanish speaking employees. Jesús informed Mr. Rangel that he was going to speak to the Owner to see what is going on regarding the Mr. Pickle.

16. On April 10, 2018, Mr. Rangel was terminated for reporting the hostile work environment.

## COUNT ONE: VIOLATION OF TITLE VII

## NATIONAL ORIGIN DISCRIMINATION HOSTILE WORK ENVIRONMENT (NO ADVERSE ACTION) AGAINST HARPLYN, INC.

17. Mr. Rangel incorporates as if realleged Paragraphs 1 through 16.

18. Mr. Rangel is primarily Spanish speaking and is of hispanic origin as a first generation Mexican-American. Mr. Rangel, through his parents, has a Mexican national origin.

19. As discussed above, the Plaintiff, Mr. Rangel and other hispanic employees were subject to severe and pervasive ridicule and harassment on the basis of their assumed national origin or association association together as Spanish speaking employees.

20. Because National Origin was a motivating factor in the decision to construct to mistreat Mr. Rangel during the scope of his employment the Defendant and its agents violated Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, both as amended, with knowing and/or reckless disregard of the Acts' proscriptions.

21. The conduct of Defendant, by and through the conduct of its agents, employees, managers and supervisors, and its failure to investigate and to take prompt, remedial action to prevent continued harassment of Plaintiff and other Mexican-American/Hispanic employees, deprived Plaintiff of his statutory rights under 42 U.S.C. § 2000e et seq.

22. The actions of Defendant, by and through its agents, employees, managers and supervisors, were willful, wanton, intentional and with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to compensatory and punitive damages to punish Defendant for its actions and to deter it and others from such action in the future.

WHEREFORE, Plaintiff, JOSE CRUZ RANGEL demands and prays this Court to grant the following relief against Defendant, HARPLYN, INC.

(a) A declaratory judgment providing that the Defendant violated the Title VII;

(b) An award of compensatory damages to Plaintiff.

(c) An award of general and punitive damages to Plaintiff to compensate his for the mental and emotional distress occasioned by Defendant's misconduct;

(d) injunctive relief striking the Defendant's policy of not allowing employees to speak Spanish;

(e) Reasonable attorneys' fees and court costs,

(f) A trial by jury on all issues so triable; and

(g) Such other and further relief as the Court deems just and proper.

**COUNT TWO: VIOLATION OF TITLE VII**

**RACE DISCRIMINATION HOSTILE WORK ENVIRONMENT (NO ADVERSE ACTION) AGAINST HARPLYN, INC.**

23. Mr. Rangel incorporates as if realleged Paragraphs 1 through 16.

24. As more thoroughly discussed above, the Plaintiff and other Hispanic employees were subject to ridicule and harassment on the basis of their race (Hispanic/Mexican-American) by the Defendant on a severe and pervasive basis.

25. Because race was a motivating factor in the decision to construct to mistreat Mr. Rangel and other Hispanic employees during the scope of their respective employment the Defendant

and its agents violated Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, both as amended, with knowing and/or reckless disregard of the Acts' proscriptions.

26. The conduct of Defendant, by and through the conduct of its agents, employees, managers and supervisors, and its failure to investigate and to take prompt, remedial action to prevent continued harassment of Plaintiff and other Mexican-American/Hispanic employees, deprived Plaintiff of his statutory rights under 42 U.S.C. § 2000e et seq.

27. The actions of Defendant, by and through its agents, employees, managers and supervisors, were willful, wanton, intentional and with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to compensatory and punitive damages to punish Defendant for its actions and to deter it and others from such action in the future.

WHEREFORE, Plaintiff, JOSE CRUZ RANGEL demands and prays this Court to grant the following relief against Defendant, HARPLYN, INC.

(a) A declaratory judgment providing that the Defendant violated the Title VII;

(b) An award of compensatory damages to Plaintiff.

(c) An award of general and punitive damages to Plaintiff to compensate his for the mental and emotional distress occasioned by Defendant's misconduct;

(d) injunctive relief striking the Defendant's policy of not allowing employees to speak Spanish;

(e) Reasonable attorneys' fees and court costs,

(f) A trial by jury on all issues so triable; and

(g) Such other and further relief as the Court deems just and proper.

## COUNT THREE: TITLE VII RETALIATION

28. Mr. Rangel incorporates as if realleges Paragraphs 1 through 16.

29. Mr. Rangel engaged in protected activity under Title VII when he reported on numerous occasions that he was subject to discrimination on the basis of his national origin/race as discussed more specifically in the general allegations section.

30. Defendant violated Title VII of the Civil Rights Act of 1964, as amended, by retaliating against Plaintiff for complaining about the race and/or national origin discrimination with such conduct constituting unlawful employment practices prohibited under Title VII.

31. Defendant, by and through its agents, employees, managers and supervisors, unlawfully retaliated against Plaintiff because of the fact that he had engaged in the protected activity of complaining about what he perceived to be a violation of Title VII. This retaliation has been detailed with greater specificity in the General Allegations section of this Complaint, and included, but was not limited to Defendant's continued harassment and eventual termination.

32. Defendant's proffered reason(s) for Plaintiff's discharge is completely pretextual in nature.

33. Mr. Rangel's was terminated as a direct and proximate result of his engaging in protected activity.

WHEREFORE, Plaintiff, JOSE CRUZ RANGEL demands and prays this Court to grant the following relief against Harplyn.

(a) A declaratory judgment providing that the Defendant violated the Title VII;

(b) An award of compensatory damages to Plaintiff in an amount equal to his lost compensation, bonuses and benefits, occasioned by Defendant's misconduct;

(c) An award of general and punitive damages to Plaintiff to compensate his for the mental and emotional distress occasioned by Defendant's misconduct;

(d) Reasonable attorneys' fees and court costs,

(e) Reinstatement or front pay in leu of Reinstatement,

(f) A trial by jury on all issues so triable; and

(g) Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

34. Pursuant to Rule 38, the Plaintiff requests trial by jury on all issues so triable.

Respectfully submitted: this 10th day of June 2019,

/s/ Frank M. Malatesta, Esq.
FRANK M. MALATESTA, Esq.
Florida Bar No. 0097080
Attorney for Plaintiff
Malatesta Law Office
871 Venetia Bay Blvd., Suite 235
Venice, FL 34285
941.256.3812 PHONE
888.501.3865 FAX
frank@malatestalawoffice.com
staff@malatestalawoffice.com